IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| KAY NEWMAN AS POWER OF ATTORNEY FOR MATTIE J. POSTON, | ) ) ) | Civil No. 2:10-CV-02135-DCN |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| BANKERS LIFE AND CASUALTY COMPANY AND JAMES D. HARNETT, | ) ) ) ) | **ORDER** |
| Defendants. | ) ) | |

This matter is before the court on plaintiff's motion for remand and defendants' joint motion to dismiss plaintiff's fourth and fifth cause of action. Plaintiff seeks remand to state court based on lack of diversity jurisdiction, pursuant to 28 U.S.C. § 1332. Defendants argue that plaintiff fraudulently joined the non-diverse defendant and the claims against him should be dismissed, thereby establishing federal subject matter jurisdiction based on complete diversity. For the reasons set forth below, plaintiff's motion to remand is denied, and defendants' motion to dismiss the fourth and fifth cause of action is granted. The parties are also ordered to mediate this case by March 1, 2011.

**I.  BACKGROUND**

On July 14, 2010, plaintiff Kay Newman, as the power of attorney for Mattie J. Poston, filed this action in the Charleston County Court of Common Pleas against defendant Bankers Life and Casualty Company (Bankers Life) for bad faith, negligent misrepresentation, and violation of the South Carolina Unfair Trade Practices Act (SCUTPA), and against defendant James D. Harnett for negligent misrepresentation

1

and violation of SCUTPA. Plaintiff seeks actual, consequential, and punitive damages, treble damages, attorney's fees, and such further relief as the court may deem just and proper. Defendants filed a notice of removal on August 16, 2010, based on 28 U.S.C. § 1441(a)-(b), alleging that the diverse defendant, Harnett, was fraudulently joined. On August 23, 2010, defendants filed a joint motion to dismiss plaintiff's fourth and fifth causes of action, the claims against Harnett. On August 30, 2010, plaintiff filed a motion to remand to state court, and on September 16, defendant Bankers Life filed a response in opposition to plaintiff's motion to remand. This court held a hearing on the motion to remand on October 29, 2010.

In March 2000, Poston purchased a Tax-Qualified Long-Term Care Policy, No. 200,233,597 (Policy) from defendant Bankers Life, which provided for long term disability coverage if Poston became "chronically ill." Def.'s Resp. Mot. Remand 2. "Chronically ill" under the Policy means that an individual "has been certified by a licensed healthcare practitioner within the preceding twelve-month period as 1) being functionally incapacitated for a period expected to last at least ninety (90) days; or 2) having a 'cognitive impairment.'" Comp. ¶5; Ex. # 1-3, Policy 10. Harnett served as the insurance agent representing Bankers Life to Poston. Plaintiff claims that Harnett told Poston that the Policy would pay certain covered expenses if she was diagnosed with a cognitive impairment, including Alzheimer's disease or senile dementia. Id. The contract expressly states that Alzheimer's disease and senile dementia are covered conditions. Ex. # 1-3, Policy 10.

Plaintiff's complaint and briefs indicate that in February 2010, Dr. Gordon Teichner diagnosed Poston with dementia of the Alzheimer's Type in the moderate

stages of dementia. Comp. ¶9. Newman, Poston's daughter and power of attorney, made a claim for benefits under the Policy in April 2010. Comp. ¶10. In May 2010, Bankers Life denied the Poston claim because the claim failed to satisfy the "chronically ill" and/or "cognitive impairment" definitions of the Policy. Comp. ¶11; Def.'s Resp. Mot. Remand 2. At the hearing on the motion to remand, defendants' attorney stated that defendant Bankers Life denied Poston's claim due to lack of sufficient information and stated for the record that Alzheimer's disease and senile dementia are covered conditions under the Policy.

Defendant Bankers Life claims that the court has subject matter jurisdiction over this case based on diversity of citizenship pursuant to 28 U.S.C. § 1332. It is not contested that diversity of citizenship exists between plaintiff and defendant Bankers Life. Furthermore, plaintiff does not contest that the jurisdictional amount is satisfied for removal. The contentions arise from the claims against defendant Harnett, who, like plaintiff, is a citizen of South Carolina, and whose presence, therefore, destroys diversity of citizenship. Defendant Bankers Life claims that defendant Harnett was fraudulently joined and the two claims against Harnett should be dismissed.

## II. DISCUSSION

a. **Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) governs motions asserting a "failure to state a claim upon which relief can be granted." In order

> [t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

> reasonable inference that the defendant is liable for the misconduct alleged.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted). "'The purpose of Rule 12(b)(6) is to test the sufficiency of a complaint' and not to 'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" Presley v. City of Charlottesville, 464 F.3d 480, 483 (4th Cir. 2006) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)).

**b.  Fraudulent Joinder**

To establish fraudulent joinder, the removing party must prove "that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." Mayes v. Rapoport, 198 F.3d 457, 464 (4th Cir. 1999) (quoting Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)) (emphasis in original). Defendant's burden "is heavy," requiring defendant to show "that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor." Id.

> [T]his standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6). Further, in determining whether an attempted joinder is fraudulent, the court is not bound by the allegations of the pleadings, but may instead consider the entire record, and determine the basis of joinder by any means available.

Id. (internal citations omitted).

**c.  Negligent Misrepresentation**

In order to establish a negligent misrepresentation claim where the damage alleged is pecuniary loss, a plaintiff must show:

4

> (1) the defendant made a false representation to the plaintiff, (2) the defendant had a pecuniary interest in making the statement, (3) the defendant owed a duty of care to see that he communicated truthful information to the plaintiff, (4) the defendant breached that duty by failing to exercise due care, (5) the plaintiff justifiably relied on the representation, and (6) the plaintiff suffered a pecuniary loss as the proximate result of his reliance on the representation.

McLaughlin v. Williams, 665 S.E.2d 667, 670 (S.C. Ct. App. 2008). In the present case, plaintiff alleges that Harnett told Poston that Alzheimer's disease and senile dementia were covered conditions under the Policy. Defendants agree that the Policy states that Alzheimer's disease and senile dementia are covered conditions, and the Policy affirms that these conditions are covered. Thus, plaintiff's negligent misrepresentation claim against Harnett is insufficient because plaintiff failed to allege a false representation. Based on these facts, there is *no possibility* that plaintiff could succeed against Harnett for negligent misrepresentation.

**d.      South Carolina Unfair Trade Practices Act Violation**

The insurance business is exempt from SCUTPA, South Carolina Code Annotated § 39-5-20. S.C. Code Ann. § 39-5-40(c); Tr. of Grace Reformed Episcopal Church v. Charleston Ins. Co., 868 F. Supp. 128, 132 (D.S.C. 1994); Nelson Mullins Riley & Scarborough, LLP v. Aon Risk Serv., No. 04-21962, 2008 WL 3049850 (D.S.C. July 18, 2008). Plaintiff's SCUTPA cause of action is based on conduct concerning the sale of insurance, therefore, there is *no possibility* that plaintiff could succeed on this claim against Harnett.

Since it is impossible for plaintiff to succeed against Harnett for negligent misrepresentation or a violation of SCUTPA, the court finds that Harnett has been

fraudulently joined and the claims against him should be dismissed. Diversity of citizenship exists between plaintiff and the remaining defendant, Bankers Life, and federal subject matter jurisdiction is appropriate.

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that plaintiff's motion to remand is **DENIED** and defendants' motion to dismiss the claims against defendant Harnett is **GRANTED**. Furthermore, the parties are hereby directed to mediate their dispute by March 1, 2011.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**November 8, 2010**
**Charleston, South Carolina**